IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20300CR-MARTINEZ

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSE MANUEL RIZZO-ZABALA,

Defendant.

_____/

## OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT

Defendant, **JOSE MANUEL RIZZO-ZABALA,** pursuant to Rule 32, Federal Rules

of Criminal Procedure, files these Objections to Pre-Sentence Investigation Report

(P.S.I.), and in support thereof asserts:

### Factual

Defendant would like to make certain corrections regarding the names mentioned

in the PSI as follows:

Franklin Zabala Mayora not Myera and Franklin Mayora Serrano not Serreano

(¶39); Adiary Rizzo not Adiara Rizzo (¶40); Roselia Rojas Bellorin not Dellorin (¶41);

Yelitza Alejandra Perez, not Yelieza (¶42); Joan Roasnel not Roafnel (¶42).

### Legal

#### Sentencing Considerations-§3553

It has always been said that sentencing is

> "[A] difficult art. It is easy to make it mechanical. It is impossible to
> make it scientific in the sense of a hypothesis validated or invalidated

1

by experiment. It is, however, an act of reason as the judge looking at this particular person and the circumstances of the crime that this particular person has committed makes a judgment following the prescriptions of the statute." *United States v. Diaz Argueta*, 447 F.3d 1167, 1172 (9th Cir. 2006).[1]

Based upon the U.S. Supreme Court decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the sentencing guidelines have been rendered advisory. Under the post-*Booker*, advisory Guidelines regime, district courts enjoy significant latitude in imposing criminal sentences. *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007). *See also Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445(2007). A final sentence must withstand a procedural and substantive "reasonableness" review. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005). The procedural sentencing parameters are clear in that a district court is required to (1) not base a sentence on clearly erroneous facts; (2) properly calculate the guidelines imprisonment range; (3) treat the guidelines as advisory; (4) consider all of the §3553(a) factors; and (5) adequately explain its reasoning. *Gall*, 128 S.Ct.

---

[1] In *United States v. Adelson*, 441 F.3d 506, 515 (S.D.N.Y. 2006), Judge Rakoff made the following observation:

"...[I]t is obvious that sentencing is the most sensitive, and difficult, task that any judge is called upon to undertake. Where the Sentencing Guidelines provide reasonable guidance, they are of considerable help to any judge in fashioning a sentence that is fair, just, and reasonable. But where, as here, the calculation under the guidelines have so run amok that they are patently absurd on their face, a Court is forced to place greater reliance on the more general considerations set forth in section 3553(a), as carefully applied to the particular circumstances of the case and of the human being who will bear the consequences."

at 597. *See also United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).   Once a district court accurately calculates the applicable guidelines, the court must consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors pursuant to 18 U.S.C. §3553(a). *Nelson v. United States*, 555 U.S. 350, 351, 129 S.Ct. 890, 892, 172 L.Ed.2d 719 (2009).   *See also United States v. Garey*, 546 F.3d 1359, 1363 (11th Cir. 2008), *cert. den.*, 129 S.Ct. 2432 (2009).   Substantive reasonableness involves an examination of the totality of the circumstances, including an inquiry into whether the §3553(a) factors support the sentence in question. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008), *cert. den.*, 129 S.Ct. 2848 (2009).

Defendant submits that his recommended sentencing guidelines provide for a range of 135-168 months based on an offense total of 33 and Category I criminal history. [The defense has been informed that U.S. Probation will amend ¶20 of the current PSI to reflect the applicability of the safety valve provision (§5C1.2, U.S.S.G.) and the ensuing two-level reduction under §2D1.1(b)(18), U.S.S.G.]   This Court may then consider the applicable factors listed in 18 U.S.C. Section 3553(a), which are:

> 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 3) the need for deterrence; 4) the need to protect the public; 5) the need to provide the defendant with educational or vocational training or medical care; 6) the kinds of sentences available; 7) the sentencing guidelines range; 8) pertinent policy statements of the Sentencing Commission; 9) the need to avoid unwarranted sentencing disparities; and 10) the need to provide restitution to victims.

Defendant submits that this Court should consider a variance from the sentencing guidelines range and impose a lower sentence in this cause based on the factors listed in §3553(a).

(I)

### The nature and circumstances of the offense

The nature and circumstances of the offense warrant a substantial lenient sentence. Defendant was asked to join this venture and was never paid for his participation. Defendant's main role was to assist in the driving of the vessel which was ultimately stopped. Defendant never denied his involvement. Rather, early on, he candidly divulged his participation and the reasons for the trip. Moreover, Defendant has provided a proffer of information to the Government. He was prepared, and continues to be available, to speak to law enforcement about all the details of the trip and all the events leading to the trip. It should be noted that the vessel was intercepted on its way to the Dominican Republic, not the United States. Defendant respectfully requests this Court to take these circumstances under consideration.

Prior to his arrival in the United States, Defendant was subjected to very uncomfortable and unhealthy conditions. After Defendant was detained on June 13, 2022, Defendant was transported on various vessels for over two weeks, traveling to different locations within the Caribbean basin. Conditions differed depending on the vessel charged with transporting the defendants. Defendant was variously placed under a tarp on deck chained to a tube, placed in the back where the motors were located and exposed to unrelenting noise and blow-back, given small portions for meals, and was

4

exposed to the elements, both searing sun and heavy rain.   Defendant was not allowed to bathe every day.   There was limited time provided for Defendant to stretch.   On one vessel, Defendant was not even given toothpaste or deodorant.   Sometimes, Defendant had to sleep on water which sprayed onto the deck.   Defendant complained about these conditions but to no avail.   While being in custody is not expected to be enjoyable or easy, no one should be subjected to the conditions that Defendant suffered before arriving in the United States.   Defendant respectfully submits that this Court can take these circumstances under consideration when imposing sentence in this case.

*(II)*

*Defendant's history and characteristics*

Defendant submits the following additional factors warranting a downward variance:

-Defendant has no reports of disciplinary violations while in custody since June, 2022.

-Defendant has zero criminal history points. (PSI, ¶¶31-36).   He has no arrest record.

-Defendant is 35 years old and is in a long-standing relationship with Yelitza Alejandra Perez.   They have one minor child, who is 8 years old.   He is a caring father. He also assists in rearing another child from another relationship by Ms Perez.   He has vital family obligations to support his minor children.   Defendant is the main source of income for his family.

-Defendant was raised in very poor conditions. He was raised by his grandmother because his mother had major alcoholic problems. Defendant tried to break out of poverty and assist his family by going into fishing. He has been recognized as a fisherman of good repute and has not been involved in bad conduct. (*See* Exhibit)

-Defendant will not contest deportation to his native country upon completion of his sentence.

-Defendant is truly remorseful for his actions. *See, e.g., United States v. Howe*, 543 F.3d 128, 138 (3rd Cir. 2008)(remorse is a §3553 factor justifying a downward variance).

*(III)*

*The seriousness of the offense/ promote respect for the law/ provide just punishment*

Defendant submits that a variance is warranted in this case. Such a sentence would clearly correspond to the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. Likewise, such a sentence would afford adequate deterrence to future criminal conduct and protect the public from further crimes of Defendant. As noted previously, Defendant is truly remorseful for his actions in this case. Defendant has cooperated with law enforcement. Defendant has made himself available for a debriefing and is prepared to provide crucial, important information that could prove highly beneficial to the Government. He remains available to continue his cooperation. Defendant has significant and vital family obligations to his minor children and hopes to return to Venezuela as soon as possible and provide needed support.

Defendant has a low risk of recidivism in view of his clean criminal history. All of these factors support a variance in this case.

(IV)

*The need to avoid unwarranted sentencing disparities*

The need to avoid sentencing disparities should guide this Court's ultimate sentence. Defendant's sentence should not be any greater than the sentences imposed on co-defendants Armando Sumoza-Padron and Arnaldo Hidalgo-Pernalete, as both co-defendants are similarly situated.

**Conclusion**

It is within this Court's power to impose a sentence under all the factors listed under Section 3553(a). A variance from the stated guidelines range would serve the interests identified in Section 3553(a), would permit Defendant to become a rehabilitated member of society and would allow him to continue to fulfill his pressing family obligations.

WHEREFORE, Defendant respectfully submits these Objections to the Pre-Sentence Investigation Report and Sentencing Memorandum.

Respectfully submitted,

LAW OFFICES OF J. RAFAEL RODRÍGUEZ
Attorneys for JOSE MANUEL RIZZO-ZABALA
6367 Bird Road
Miami, FL 33155
(305) 667-4445
(305) 667-4118 (FAX)
jrafrod@bellsouth.net

By: *s/ J. Rafael Rodríguez*
    J. RAFAEL RODRÍGUEZ
    FLA. BAR NO. 302007

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of November, 2022, a true and correct copy of the foregoing Objections to Pre-Sentence Investigation Report was filed with the Clerk of Court using CM/ECF and served on the same day on Yvonne Rodriguez-Schack, Esq., Assistant United States Attorney.

*s/ J. Rafael Rodríguez*
J. RAFAEL RODRÍGUEZ

# EXHIBIT

*República Bolivariana de Venezuela*
*Ministerio del Poder Popular para las Comunas y Protección Social*
*Consejo Comunal La Salina – Puerto Carayaca N° 018*
*La Salina, Parroquia Carayaca, Municipio Vargas, Estado   La Guaira*

Rif. J-29929167-6

**A QUIEN PUEDA INTERESAR**

Quienes suscribimos, voceros del **Consejo Comunal La Salina Puerto Carayaca N° 018,** por medio de la presente, hacemos constar que el Ciudadano **José Manuel Rizzo Zabala,** mayor de edad, de nacionalidad venezolano, titular de la Cédula de Identidad N° V- **21.195.358,** de 35 años de edad, de oficio pescador y trabajador social de la comunidad, el cual reside desde su nacimiento en el sector, en la calle Victoria de La Salina, Parroquia Carayaca del Estado La Guaira desde hace 35 años, demostrado ser una persona responsable, honesta, honrada, trabajadora y su conducta es acorde a las normas de convivencia ciudadana establecidas en la comunidad.

Constancia que se expide a solicitud de la parte interesada, En La Salina a los 17 días del mes de septiembre de 2022.

P/ C.C La Salina Puerto Carayaca

_____
**Nelson Osorio**
**Unidad de Contraloría Social**
Telf. 0412. 728 00 46

_____
Pedro Romero.
**Comité de Servicios**
Telf.  0412 374.15.07

Día: 22  Mes: 02  Año 2022

## CONSEJO DE PESCADORES DE LAS SALINAS, Estado Vargas

Por medio de la presente, hacemos constar, que el Ciudadano _José Manuel Rizzo_ titular de la C.I _21195358_, es pescador activo del puerto pesquero de La Salina y por lo tanto avalamos el trámite por concepto de _Curso de Seguridad_ antes la autoridad y/o institución que solicite la presente constancia.

Sin más a que hacer referencia y agradeciéndole la gestión prestada, quedamos a sus gratos órdenes.

Atentamente,

**Daniel Navarro**
C.I 13.673.697
**Finanzas**

**Juan Pablo Díaz**
C.I 13.826.902
**Seguimiento, evolución y proyecto**

**Pedro José Mendoza**
C.I 6.496.680
**Consulta**



REPUBLICA BOLIVARIANA DE VENEZUELA
GOBERNACIÓN DEL ESTADO VARGAS
SECRETARIA SECTORIAL DE SEGURIDAD CIUDADANA
PREFECTURA DEL MUNICIPIO VARGAS
SECRETARIA GENERAL

PREFECTURA VARGAS

## CONSTANCIA DE BUENA CONDUCTA POLICIAL

El ciudadano Secretario General de la Prefectura del Estado Vargas, hace constar que el ciudadano (a) **RIZZO ZABALA JOSÉ MANUEL** Titular de la cedula de identidad N° **V-21.196.358** nacionalidad **VENOZOLANO**, de 35 años de edad, profesión u oficio: **SEGURIDAD** de Estado civil **SOLT.** ha observado durante el tiempo que lleva residenciado en este Estado, una conducta ajustada en todo a las leyes de la República Bolivariana de Venezuela, por lo que su nombre no figura en los Registros Policiales de este Municipio.

Constancia que se expide a petición de parte interesada, en la Ciudad de La Guaira a los **VEINTICINCO** días del mes de **FEBRERO** del año **2022**

OJEDA VERA MIGUEL ANTONIO
SECRETARIO GENERAL

LIC.SUPERVISORA ESCOBAR SILVA SOLCIRE
JEFA DEL ARCHIVO POLICIAL

VALIDO POR UN AÑO
Prefectura del Municipio Vargas
OM/ES/Mrn.-