UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  22-20300-CR-Martinez

UNITED STATES OF AMERICA,

     Plaintiff,

v.

ARNALDO HIDALGO-PERANLETE, *et al.*,

     Defendants.

_____/

## SENTENCING MEMORANDUM

Arnaldo Hidalgo-Pernalete, through undersigned counsel, files the following sentencing memorandum.  In support he states:

Mr. Hidalgo-Pernalete respectfully suggests that the goals of sentencing, as articulated in 18 U.S.C. § 3553, would be satisfied by a sentence below the guideline range of incarceration.  In considering the § 3553(a) factors, the Court is directed to **"impose a sentence sufficient, but not greater than necessary"** to fulfill the goals of 18 U.S.C. § 3553(a)(emphasis added); *see also United States v. Ministro-Tapia*, 470 F.3d 137, 142 (2nd Cir. 2006)("if a district court were explicitly to conclude that two sentences equally served the statutory purpose of § 3553, it could not, consistent with the parsimony clause, impose the higher").

Mr. Hidalgo-Pernalete grew up in extreme poverty in Venezuela, often without enough food. PSI, ¶ 42. He is 34 years old and has never been in trouble with the law prior to this incident. PSI, ¶¶ 32-36, 48.

It was economic desperation, not greed, that led to Mr. Hidalgo-Pernalete's involvement here. His desire to provide basic needs for his family led him to agree to take this dangerous journey on a small vessel. He boarded the vessel after the drugs had already been loaded on the boat and had no other involvement with the drugs seized in this case. His role in the conspiracy was limited to following orders of the captain of the vessel for a relatively small payment.

This Court can significantly vary downward and the sentence given Mr. Hidalgo will satisfy the goals of 18 U.S.C. § 3553(a). Seventy months (or almost 6 years) and a felony conviction is sufficient to prevent both Mr. Hidalgo and any other individual considering similar conduct from committing this crime in the future. That sentence reflects the seriousness of this victimless crime. Seventy months is a severe sentence for a first-time offender and low-level participant.

It should be noted that because Mr. Hidalgo-Pernalete is not a United States citizen he will not receive the benefit of any of the programs that a U.S. citizen would. He will not receive a reduction for drug treatment or the benefit of a halfway house. He will also likely spend time in immigration custody prior to his deportation. The Court should consider this when sentencing him.

WHEREFORE, Mr. Hidalgo-Pernalete respectfully requests that the Court sentence him to 70 months of incarceration.

2

Respectfully submitted,

JOHN W. WYLIE, P.A.
s/ John W. Wylie_____
Attorney: John W. Wylie, Esq.
Florida Bar No. 0133817
40 N.W. 3rd Street,  PH One
Miami, Florida 33128
Tel: (305) 586-1338
jww@johnwylielaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed via EM/ECF this 28th day of November, 2022.

s/ John W. Wylie
John W. Wylie

3